MAE O'ROURKE, Respondent, v. HALCYON REST et al., Appellants, et al., Defendants.— In an action to recover damages for personal injuries sustained by plaintiff during the course of electro-shock therapy, there was a verdict in favor of plaintiff against the owner of the private hospital where the treatment was administered, against the doctor who administered the treatment at the hospital, and in favor of the doctor who prescribed the treatment. The doctor who administered the treatment appeals from the judgment entered on the verdict. The owner of the hospital appeals from that judgment, and from an order amending the judgment and the amended judgment (one paper). Judgment in favor of plaintiff against defendant Carlen reversed on the facts, with costs to appellant to abide the event, and new trial granted. The verdict finding defendant Carlen guilty of negligence is against the weight of the evidence. Amended judgment in favor of plaintiff against defendant Lloyd, individually and doing business as Halcyon Rest, reversed on the law and the facts, with costs, and complaint dismissed, with costs. Appeal from original judgment and from the order amending the judgment dismissed, without costs. In our opinion, the evidence was insufficient to show that defendant Lloyd (hospital) undertook to treat or that he did treat plaintiff, in view of the undisputed proof (a) that plaintiff was at all times the patient of her own physician, who had no connection with the hospital; (b) that the electro-shock therapy was prescribed, not by the owner of the hospital or anybody in the hospital staff, but by plaintiff's own physician; (c) that there was no contract between the hospital and the plaintiff to furnish electro-shock therapy, those treatments being furnished by the hospital only because plaintiff's own physician ordered them; (d) the hospital did not undertake to direct plaintiff's physician in the method of treatment. The evidence tended to show merely that defendant hospital undertook to furnish plaintiff its facilities for electro-shock therapy, and to supply a physician to administer the treatment, pursuant

to the direction of plaintiff's own physician. There is no claim that the physician who administered the treatment was not a proper person so to do. Under these circumstances, defendant Lloyd (hospital) is not liable to plaintiff, even if we were to assume that the staff physician who administered the treatment had been negligent. (*Bakal* v. *University Heights Sanitarium*, 277 App. Div. 572, affd. 302 N. Y. 870; *Steinert* v. *Brunswick Home*, 259 App. Div. 1018, motion for leave to appeal denied, 284 N. Y. 822.) In any event, a new trial would be granted because, in our opinion, the verdict is against the weight of the evidence. Nolan, P. J., Adel, Wenzel, Schmidt and Beldock, JJ., concur.